NEW ENGLAND MUT. MARINE INS. CO. (HAWES v.). See Case No. 6,241.

NEW ENGLAND MUT. MARINE INS. CO. (HEARN v.). See Cases Nos. 6,301 and 6,302.

---

## Case No. 10,156.

### NEW ENGLAND SCREW CO. v. BLIVEN et al.

[3 Blatchf. 240.] [1]

Circuit Court, S. D. New York. Nov., 1854.

REMOVAL OF CAUSES—EFFECT UPON ATTACHMENT ISSUED BY STATE COURT—ATTACHMENT BY ORIGINAL PROCESS—EFFECT OF STATE STATUTES

1. To an action brought by A., to recover for goods sold. B. pleaded that, before the bringing of the action, B. had sued A. in a state court of New York, to recover money, and, in that suit, had attached, under the state law, the debt sued for by A.; that A. had removed into this court the suit in the state court; that it was still pending; and that the attachment still held the debt: *Held*, on demurrer to the plea, that it was bad.

2. Where a suit in a state court is removed by a defendant into this court, under the 12th section of the act of September 24, 1789 (1 Stat. 79), no attachment of the property of the defendant by the state court can hold that property, after the removal of the suit into this court, unless such attachment was the original process in the suit in the state court.

[Cited in Rigg v. Parsons, 29 W. Va. 526, 2 S. E. 83.]

3. Where the suit in the state court is commenced by summons, and the attachment is subsequently issued by it, as a separate process, such attachment is not an attachment by original process, within said 12th section, so as to hold the property attached, after the removal of the suit into this court.

[Cited contra in Barney v. Globe Bank, Case No. 1,031.]

[See Act March 3, 1875 (18 Stat. 471, § 4).]

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

4. State statutes are rules of decision in the courts of the United States, when they prescribe a law governing the right or title in litigation, but are not allowed to interfere with the processes or modes of procedure of the tribunals of the United States.

This was an action of assumpsit, brought by the plaintiffs, a Rhode Island manufacturing corporation, to recover for goods sold to the defendants [Charles Bliven and Edward B. Mead] to the amount of $5,000. The defendants interposed a special plea to the declaration, averring that, at the time of the making of the several promises in the declaration mentioned, an act had been passed, and was in force, in the state of New York, which authorized a party bringing an action for the recovery of money against a foreign corporation, to attach the property of such corporation, as a security for the satisfaction of such judgment as the plaintiff might recover therein; and that, before this action was instituted, the defendants had brought an action, in the supreme court of New York, against the plaintiffs, for the recovery of $4,966 50, and, in that action, had caused the debt sued for by the plaintiffs by the present action in this court, to be attached by the sheriff of New York, pursuant to the laws of the state of New York, whereby all sums of money owing by the present defendants to the plaintiffs were attached and held as a security for the satisfaction of such judgment as the attaching suitors, these defendants, might recover against these plaintiffs. The plea further averred that, thereafter, the plaintiffs caused the said action in the supreme court of New York, to be removed into this court for trial, and said supreme court caused an order to be made that such court would not proceed further in the said cause; that the suit so instituted in said supreme court was still pending in this court and undetermined; and that the attachment issued therein still held the debt so attached, to answer the final judgment therein. To this plea the plaintiffs demurred generally, and the defendants joined in demurrer.

[For prior litigation between the same parties, see Case No. 1,550.]

Edwin W. Stoughton, for plaintiffs.
George William Wright, for defendants.

BETTS, District Judge. It appears to us that there are some difficulties in the way of maintaining this plea as a bar to the action, either by way of abatement or in chief, which were not mentioned on the argument.

The act of the state of New York, under which the attachment pleaded was taken out, is one directed to the practice and proceedings of the local courts, and, in that character, in no way controls the action of a court of the United States. State statutes are rules of decision in the courts of the United States, when they prescribe a law governing the right or title in litigation, but are not allowed to interfere with the processes or modes of procedure of the tribunals of the United States. Duncan v. Darst, 1 How. [42 U. S.] 305, 306; Titus v. Hobart [Case No. 14,063]; Wayman v. Southard, 10 Wheat. [23 U. S.] 1; The Orleans v. Phoebus, 11 Pet. [36 U. S.] 175, 184; Thompson v. Phillips [Case No. 13,-974]. The argument of the plea, therefore, if well founded, that the process of attachment set up therein would operate, under the state law, as a withdrawal or extinguishment of the cause of action upon which the plaintiffs are prosecuting, would not avail to that purpose here.

The plea does not aver that an indebtedness of these plaintiffs to these defendants existed and was the subject of attachment under the state process, when the attachment issued and was served, nor that the attachment was part of the original process by which the suit in the state court was commenced. This court cannot judicially infer a summary jurisdiction of that character in a local magistrate, or take notice of any provisions of the state law conferring it, which are not set forth in the plea. A rehearsal in the plea, to the effect that the service of the attachment divested the corporation of the right to prosecute for the debt claimed in the declaration, cannot be received by this court as tantamount to an averment that the statute, in a case so circumstanced, gave to the defendants such title to the debt, or such power over it, or such lien upon it, as excluded or suspended the authority of the plaintiffs to seek its enforcement in their own name and right. It is not to be presumed that an enactment seemingly repugnant to general principles of right and equity in respect to private property, has been adopted by any legislature; and, if the defendants desire to avail themselves of an authority of that character over debts alleged to be owing by them, it devolves upon them to point out distinctly the appointment of law which confers it upon them.

We think these are substantive defects in the plea, whether it be regarded as in abatement or in bar. But the essential vice of the plea is, that it seeks to exclude the plaintiffs, in the maintenance of their rights, from the benefit of a cross action, and to restrict them to a defence to the suit instituted against them. We are referred to no case in which a defendant has been allowed to defeat an action at law against him by pleading the existence of a pending suit brought by himself against his adversary. The plea of a former action pending, in abatement or in bar, is given in the books, only in case the same party institutes double actions for the same subject matter in the same court. Bac. Abr. tit. "Pleas & Pleadings," M. If the attachment process was first in order of time, as between these

actions, then the present suit is no more than a cross action on the part of these plaintiffs. That another suit is pending for the same cause of action in a different court, cannot be pleaded in bar or in abatement (Bowne v. Joy, 9 Johns. 221), and it makes no difference whether both suits are in the same jurisdiction, or whether one is in a court of the United States and the other in a state court (Walsh v. Durkin, 12 Johns. 99). Even a plea of a former recovery cannot be supported, unless it be also averred that satisfaction has been had of the cause of action. Perkins v. Parker, 1 Mass. 117. A plea in bar or in abatement is bad, in either case, upon demurrer.

It is not unimportant to observe further, that the plaintiffs in this case, being a corporation of Rhode Island, sued in the supreme court of this state by citizens of this state, removed the cause into this court, under the 12th section of the judiciary act of September 24th, 1789. That section provides that, on the removal of a cause in that manner from a state court to a court of the United States, "any attachment of the goods or estate of the defendant by the original process, shall hold the goods or estate so attached, to answer the final judgment, in the same manner as; by the laws of such state, they would have been holden to answer final judgment, had it been rendered by the court in which the suit commenced." 1 Stat. 79, 80. The plea shows that the action against the corporation was commenced by summons, and that the warrant of attachment was a separate process, subsequently obtained, under the mandate of a judge of the supreme court, in the manner prescribed by the state statute. That statute is held by the state court to require an action against a foreign corporation to be actually pending, commenced by summons, before a court or a judge is authorized to issue a warrant of attachment. Fisher v. Curtis, 2 Sandf. 660. Therefore, the attachment cannot be the original process which is to carry with it a lien upon the estate attached, on the removal of the cause into this court; and the defendants can claim no advantage or priority under the attachment, in this tribunal, in this case, if it might, under any circumstances, abate or bar the cross action of the plaintiffs.

Judgment is, therefore, ordered for the plaintiffs upon the demurrer, with leave to the defendants to plead over upon the usual terms.

[NOTE. The defendants subsequently went to trial upon the general issue. There was judgment in favor of the plaintiffs. Case No. 10,157. This was affirmed upon appeal to the supreme court. 23 How. (64 U. S.) 433.]