## ARNOLD v. WOODARD.

A tenant is estopped to deny his landlord's title. If, after leasing the premises, the tenant acquires rights adverse to his landlord, he is bound to surrender the property before he can be permitted to assert them.

*Appeal from District Court of Lake County.*

THE facts are stated in the opinion. The defendant below had judgment.

Mr. CHARLES S. THOMAS and Mr. JAMES Y. MARSHALL, for appellant.

Messrs. WELLS, SMITH & MACON, for appellee.

ELBERT, J. This was an action of ejectment brought by Arnold against Woodard to recover possession of certain real estate.

The defendant, Woodard, having died after the commencement of the action, Mary A. Woodard, his widow and heir at law, was substituted as a party.

Upon the trial it was admitted that the defendant, Woodard, was in possession of the premises in controversy, as the tenant of the plaintiff at the time of the commencement of the action.

The defendant offered in evidence a patent from the United States for the land, issued to her after the commencement of the suit, as the heir at law of James A. Woodard, deceased.

The action of the court in admitting this patent is the only question we need consider.

It is a general rule, founded upon reasons of public policy, that the tenant is estopped to deny the landlord's title. By taking a lease from him; by entering and occupying the premises under the lease, the tenant admits the title of the lessor. If, after leasing the premises, he acquires rights adverse to his landlord, he is bound to surrender the property before he can be permitted to assert them. Tyler

VOL. IV—32.

on Ejectment, 166–550, and cases there cited. *Milsap* v. *Stone*, 2 Col. 140.

In view of this rule, the admission in evidence of the patent issued to the defendant, Woodard, was error. It was permitting the tenant, without surrender of possession, to show an adverse title, which she had acquired after the commencement of the suit.

We are unable to see that this case comes within the principle of the cases which hold that the tenant may show, in bar of the action, the termination of the landlord's estate, as when there has been a conveyance by the landlord to the tenant himself or to a stranger; or when the estate of the lessor has been determined by operation of law or limitation of estate. In such cases the tenant is not estopped, as his defense is not founded upon his own conduct, but upon the conduct of others or the act of the law. The spirit of the general rule is, that the tenant shall not avail himself of any act of his own in hostility to the landlord's title as a ground of refusal to surrender the possession under his contract of tenancy.

The record does not show the steps taken by Woodard to secure his patent, but the law prescribes them, and the issuance of the patent involves the fact that they were taken.

Woodard entered upon the premises as tenant, and was a tenant at the time of the commencement of the suit. His acquisition of the title of the United States was of necessity by the assertion of rights adverse to his landlord, who was a pre-emption claimant. We see no reason, therefore, on principle, for making this case an exception to the general rule, that the tenant who, after leasing, acquires rights adverse to his landlord, is bound to surrender the premises before he can assert them. *Milsap* v. *Stone*, cited *supra*. This view renders it unnecessary to consider the question raised in the pleadings

The judgment of the court below is reversed and the case remanded for further proceedings according to law.

*Reversed.*