---

## Grand Lodge of the Brotherhood of Locomotive Firemen v. Philip C. Cramer.

1. SERVICE OF PROCESS—*Who is Not an Agent.*—The master of a local subordinate lodge of a voluntary mutual benefit association, is not necessarily an *ex officio* agent of the supreme or grand lodge of such association, so that service of process can be had upon such master, and thereby bring the supreme or grand lodge into court.

2. VOLUNTARY ASSOCIATIONS—*Master of the Local Lodge as Agent of the Grand Lodge.*—Service of process upon the master of the local lodge as "agent of the grand lodge," will not confer jurisdiction over the grand lodge in a proceeding in the law courts.

Memorandum.—Appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the February term, 1894. Reversed and remanded. Opinion filed June 23, 1894.

The opinion states the case.

COCKRELL & MOYERS, attorneys for appellant.

M. MILLARD, attorney for appellee.

Grand Lodge B. of L. F. v. Cramer.

Mr. Justice Scofield delivered the opinion of the Court.

Appellant is a voluntary organization, not a corporation. Its place of business is Terre Haute, Indiana, and it has no officers or agents in the State of Illinois, except subordinate lodges, unless the masters of subordinate lodges are its agents.

This was an action by appellee upon a certificate issued by this mutual benefit association, whereby the latter agreed to pay the former the sum of $1,500 in the event of his total disability. The return of the summons was as follows: "I have duly served the within summons by reading and also delivering a true copy of the same to R. H. Stevenson, an agent of the said grand lodge of the Brotherhood of Locomotive Firemen, the president thereof not found in said county, this 9th day of August, 1893."

This return shows that the officer did not serve or seek to serve the subordinate lodge as the agent of appellant, but that the president of appellant not being found in the county, Stevenson was served as appellant's agent by virtue of his official relation to the subordinate lodge, which will presently more fully appear.

Appellant entered a limited appearance, and filed a plea denying that it was a corporation, and also denying that Stevenson was its agent, and therefore insisting that it had not been duly served with process. The plea was treated by the parties as a plea to the jurisdiction of the court over the person of appellant. Appellee filed a replication to the plea, affirming that Stevenson was appellant's agent when the summons was served, and tendering an issue to the country. After the evidence had been heard by a jury, the jury was discharged by agreement of parties, and the case was decided by the court without the intervention of a jury.

The issue thus tried by the court was sharply defined by the plea and replication. Was Stevenson, when the summons was served, the agent of appellant?

The court held that he was not, in the following language: "The court holds as a proposition of law that the

master of a local subordinate lodge of a voluntary mutual benefit association, is not necessarily and *ex officio* an agent of the supreme or grand lodge of such voluntary association, so that service of process can be had upon such master, and thereby bring the supreme or grand lodge into court." We think that this proposition of law, as held by the court, is substantially correct.

Nevertheless, the court found the issues for appellee, and rendered judgment in his favor for $1,500. This must have been done on the theory that the subordinate lodge is the agent of the grand lodge; that service on the master is service on the subordinate lodge, and that service on the subordinate lodge is service on the grand lodge. But Stevenson was not served as master of the subordinate lodge. It might have been his duty, if served in that capacity, to report the fact to the subordinate lodge, to be by that lodge reported to the grand lodge. Thus there would have been a reasonable expectation that the object of service, which is notice to the defendant of the pendency of the suit, might be accomplished. But when Stevenson was served as agent of the grand lodge, he was under no obligation to report the service either to the subordinate or to the grand lodge, for the reason that he was not served as master of the first, and he was not agent of the second.

A careful reading of the officer's return, will show that the subordinate lodge was not served. Let it be conceded that this lodge could be served as a corporation under the fifth section of the practice act; what then? The president, or in this case, the master, must be served if he can be found within the county. Does the return state that Stevenson was served as president or master of any lodge whatever? It does not; but by clear implication negatives the claim of any effort to serve the subordinate lodge through its master, or to serve the grand lodge through the subordinate lodge as agent.

The judgment should have been in favor of appellant upon the issue tendered and tried. The judgment is reversed and the cause is remanded.