Thomas L. Pollock, Defendant in Error, v. W. J. Kinman, Plaintiff in Error.

1. PLEADING—*plea in abatement.* When the statute has not given defendant the right to plead over a plea in abatement and he takes the initiative and produces all his evidence on the issue of abatement and is defeated thereon, nothing remains but to ascertain the amount which the plaintiff is entitled to recover.

2. ABATEMENT—*another action pending.* When the parties are the same to two suits, the only difference being that the plaintiff in the one is the defendant in the other, both suits may be maintained at the same time, although such proceedings are unusual.

3. PRACTICE—*what constitutes commencement of suit.* The issu-

ing of a summons and its delivery to the sheriff is the beginning of a suit at law.

4. BILL OF EXCEPTIONS—*amendment*. An amendment to a bill of exceptions may properly be made on notice within the time granted for filing it and before it is filed, to correctly show what transpired at the trial.

5. ABATEMENT—*repleader*. Where defendant has proved the facts averred in a plea of abatement and moves to withdraw the plea and replead before default is taken or judgment rendered on the plea, it is error not to grant a repleader that substantial justice may be done.

Error to the Circuit Court of De Witt county; the HON. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed October 15, 1912.

Statement by the Court. On May 13, 1910, Thomas L. Pollock by a contract in writing agreed to sell and convey to William J. Kinman, certain described real estate in DeWitt County. In the contract Pollock agreed to furnish to the purchaser, on or before July 1, 1910, a complete abstract of title to said real estate, certified to by a competent abstractor, showing a good marketable title, free and clear of incumbrances except a certain mortgage for $1,500 which the purchaser shall assume and agree to pay with interest accruing after September 15, 1910, and to allow the purchaser a reasonable opportunity to have the abstract examined. The purchaser agreed to pay $2,500 for said real estate: $1,000 cash on September 15, 1910, and the remainder by the assumption of said mortgage on the receipt of the deed. The agreement contains a provision that time is of the essence of the contract, and that if either party shall fail or refuse to comply with its provisions the party so failing shall pay to the other party five hundred dollars as liquidated damages for his failure or default. The contract is signed by both parties and under seal.

The plaintiff, Thomas L. Pollock, on September 22, 1910, began this suit in the Circuit Court of DeWitt County, in *assumpsit* against William J. Kinman to

recover the sum of $1,000. The declaration contains three special counts and after setting out the contract *in haec verba*, avers that on September 10, 1910, the defendant agreed with the plaintiff for a valuable consideration to extend the time of performance until to-wit, September 22, 1910, and that on that date the plaintiff tendered to the defendant an abstract showing a good marketable title free of incumbrances except the said $1,500, and a good and sufficient warranty deed, and demanded payment of said $1,000, etc., but that the defendant refused to accept and receive said abstract and deed and to make said payment and assume said mortgage, and avers that plaintiff from thence hitherto has been able, ready, and willing to carry out his part of the contract, and that the defendant has wholly refused to accept said abstract and deed and to pay the purchase price, to the damage of the plaintiff of one thousand dollars.

The defendant filed a plea in abatement averring that on the same day that the writ of summons was issued, on the 22d day of September, 1910, in the County Court of said DeWitt County, the defendant herein impleaded the plaintiff and issued his said writ, and afterwards filed his declaration therein against him in a plea of trespass on the case on promises upon the same identical promises, undertakings and written contract set forth in said declaration in the present suit mentioned; and the defendant avers that the said writ issued out of the said county court as aforesaid was served upon the said plaintiff herein prior to and before the writ in the present suit was served upon the defendant herein, as from the records and proceedings in the said courts will more fully appear; the defendant further avers that the parties to this suit and to the former suit in the said county court are the same, and that the said former suit is still pending in said court; and this the defendant is ready to verify and prays judgment that the writ in this suit be quashed. The plea is properly signed and verified. The plaintiff

replied double: (1) that the promises in the declaration are not identical with those in the plea alleged (2) *nul tiel record.* No rejoinders appear to have been filed.

A trial was had before the court without a jury on June 30, 1911, and propositions of law submitted. On July 14, 1911, judgment was rendered in favor of the plaintiff for four hundred dollars. The defendant prosecutes this writ of error to review that judgment.

JOHN FULLER and L. O. WILLIAMS, for plaintiff in error.

E. J. SWEENEY and E. B. MITCHELL, for defendant in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

It is contended that the judgment upon the hearing on the plea in abatement should have been *respondeat ouster.* Section 45 of the Practice Act of 1907, provides: "If the issue on any plea in abatement is the truth of a statement in the return on the summons, or that the defendant is sued out of his proper county, or is not subject to suit in the county in which the suit is brought, or that the court has no jurisdiction over the person of the defendant, and such issue is found against the defendant the judgment shall be *respondeat ouster.*" None of the issues tendered by the plea come under any of the provisions of the Practice Act, which changes the common-law rule only as to the matters included within the statute. A defendant only has the right to plead over when the statute gives him such privilege. When the statute has not given a defendant such right and he takes the initiative and produces all his evidence on the issue of abatement and is defeated thereon, nothing remains but to ascertain the amount which the plaintiff is entitled to recover. Foreman Shoe Co. v. Lewis & Co.,

191 Ill. 155; Italian-Swiss Agricultural Colony v. Pease, 194 Ill. 98.

The declaration filed in the case in the county court pleads the reverse in every particular as to the performance of the conditions of the contract by the parties thereto, from the averments of the declaration in this case. It pleads the same contract *in haec verba* that is plead in this case, and avers that the plaintiff in that case was always able, ready and willing to fulfil all the conditions of the contract agreed to be performed by him, and that the defendant had neglected and refused to perform each of the conditions agreed to be performed by him to the damage of the plaintiff of $1,000.

Both the parties to this suit were so anxious to have the luxury of a suit in court, that they each began a suit on the same day, each averring that he was always able, ready and willing to perform the conditions required of him by the written agreement, except that Pollock avers that Kinman waived the tender of the abstract at the date agreed upon, and each avers that the other neglected and refused to perform the things agreed to be done by him, and claims damages of the other for their alleged respective breaches of the contract.

When either party begins a suit to recover damages from the other for the alleged default of the defendant on a contract, the defendant might file a plea of set-off for alleged damages sustained by him through the default of the opposite party to carry out his part of the contract, and thus by his own cross-action recover damages from the plaintiff, if he is entitled thereto, since both alleged causes of action arise out of the same contract.

When the parties are the same to two suits, with the only difference that the plaintiff in one is the defendant in the other and vice versa, both suits may be maintained at the same time, although such proceedings are very unusual. Walsworth v. Johnson, 41 Cal. 61;

New England Screw Co. v. Bliven, 3 Blatchf. 240; Colt v. Partridge, 7 Metc. 570; Crane v. Larsen, 15 Ore. 349. The defendant need not file his cross-action by way of set-off but may bring his original suit.

It was stipulated on the trial that Kinman, the defendant in this suit, brought suit in the County Court of DeWitt County against Thomas L. Pollock, the plaintiff in this suit; that a summons was issued in said suit, in the county court, on the 22d day of September, 1910, and that the same was served on said Thomas L. Pollock by H. L. Campbell, sheriff of De-Witt County on the 22d day of September, 1910; that a praecipe in this suit was filed in the Circuit Court of DeWitt County about thirty minutes before the praecipe was filed in the suit in the county court, and that summonses in both suits were issued on the same day, to wit, the 22d day of September, 1910; that Thomas L. Pollock, the plaintiff in this suit is the defendant in the suit in the county court, and that W. J. Kinman, the defendant in this suit is the plaintiff in the county court; that the summons in this suit was issued on the 22d day of September, 1910, and was served on the defendant on the 28th day of September, 1910, and that the suit in the county court is entitled, W. J. Kinman v. Thomas L. Pollock, No. 4253. It is also stipulated that the declaration and pleas in the county court are introduced in the evidence, that the declaration in this case, Pollock v. Kinman, in the circuit court, and the additional counts are in evidence, and that the contract sued on in this case, and in the case in the county court, is in evidence. The stipulation and the pleadings in the two cases in evidence, show that the plea of former suit pending was proved with the exception that the suit in the circuit court was begun thirty minutes before the other. Neither the proof nor the stipulation shows which summons was first delivered to the sheriff. The issuing of a summons and its delivery to the sheriff is the beginning of a suit at law, Hekla Ins. Co. v. Schroeder, 9 Ill. App.

472; and while there might be a presumption that the summons was first isued for which the praecipe was first filed, we do not consider that material.

It is also assigned for error that the court erred in not permitting the defendant to withdraw his plea in abatement and to plead over. The record proper shows a motion entered and overruled before the judgment was rendered and an exception to the overruling of said motion. The original bill of exceptions signed by the trial judge, contained neither the motion to withdraw the plea in abatement and for leave to plead over, nor the recital of any judgment, but only that the court found the issues for the plaintiff and the assessment of damages with an exception thereto. Within the time granted for the filing of the bill of exceptions and before the same was filed, it was amended after notice to the plaintiff by incorporating therein the motion for leave to withdraw the plea in abatement and for leave to plead over; the order overruling said motion and an exception thereto by the defendant entered at the time of overruling said motion, and the judgment and an exception thereto.

Appellee insists that this amendment could not properly be made. The amendment was made within the time granted for filing the bill of exceptions and before it was filed. The record proper recites that the defendant entered a motion to withdraw his plea in abatement and for leave to plead, the overruling of the motion, an exception thereto by the defendant; a motion entered by plaintiff for a default of the defendant; that the defendant was called and defaulted although he was present in court asking for leave to plead, and that the court after hearing the evidence found for the plaintiff on the plea in abatement, assessed plaintiff's damages on the default and rendered judgment, to which the defendant then and there excepted.

The record itself shows that an exception was entered to the overruling of the motion to withdraw the

plea in abatement and for leave to plead, and an exception to the judgment at the time it was entered, and the trial judge also recites in the order making the amendment, that from an examination of his "notes and writings made by him at the time of the hearing" that the matters contained in the amendment were by inadvertence left out of the original bill of exceptions. At the time judgment was entered, one hundred days from July 14, 1911, were given to the defendant within which to file a bill of exceptions. The amendments were made on September 30, 1911 from the record and notes of the judge, after notice to the plaintiff and before the bill of exceptions was filed. The amendment was properly made to correctly show what transpired at the trial. Chicago, M. & St. P. Ry. Co. v. Walsh, 150 Ill. 607.

While the facts averred in the plea in abatement were substantially proved by the admissions of the stipulation and the pleadings offered in evidence, yet they were not a defense to the action for the reason that the plea tendered an immaterial issue. The court rendered a judgment giving substantial damages after hearing evidence on an immaterial issue after the defendant had moved to withdraw such issue and for leave to plead over. No sufficient reason appears for the refusal to permit the defendant to withdraw his plea in abatement and to replead, when the motion was made by the defendant before default was taken and before judgment was rendered on the plea in abatement. The hearing having been before the court it was error not to grant a repleader that substantial justice might be done. 11 Ency. of Pl. & Pr. 918. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*