## John C. Miller, Appellee, v. Grand Lodge Brotherhood of Railroad Trainmen, Appellant.

1. APPEAL AND ERROR, § 1673*—*when right to assign error on issue made by plea in abatement is not waived.* Where, in an action against a nonresident fraternal association, the return of process showed service on the grand lodge by service on the treasurer of a local subordinate lodge, and defendant appeared specially and by plea in abatement denied that the person served was treasurer, etc., or any other agent of defendant, and that such subordinate lodge was its agent, and an issue of fact was formed on the plea and tried without a jury, and the court found for plaintiff, and in accordance with section 45 of the Practice Act (J. & A. ¶ 8582) entered judgment of *respondeat ouster* against defendant, and defendant thereafter by leave of court filed the general issue and special pleas, and plaintiff contended that by pleading to the merits after such judgment, defendant waived its right to assign error on the finding as to the issue made on the plea in abatement, *held* that such contention invoked the common-law rule, which had no application in view of the fact that the plea raised one of the issues enumerated in said section 45, and the court having found the issue against defendant, it properly entered such a judgment, and defendant had the right to plead over to the merits.

2. INSURANCE, § 862*—*who is agent of nonresident organization for purpose of service of process.* In an action against a nonresident fraternal organization to recover on a benefit certificate, where it was contended that service of summons on the treasurer of one of the subordinate lodges was not made on him as treasurer of the defendant, the constitution and general rules considered and *held* that such subordinate lodge was an agent of defendant, and that service on such treasurer was service on the subordinate lodge itself, as agent of the grand lodge.

3. APPEAL AND ERROR, § 1673*—*when right to assign error on ruling adverse to plea in abatement is not waived.* The right to assign error on a ruling adverse to a plea in abatement is not waived by pleading to the merits.

4. INSURANCE, § 120*—*when contracts construed in favor of insured.* It is a fundamental law of construction of insurance contracts in Illinois that all uncertainties in such contracts shall be resolved in favor of the assured.

5. INSURANCE, § 717*—*when constitution of order construed as*

*allowing recovery for permanent disability other than that specifically named.* In an action against a fraternal association to recover on a benefit certificate, where the injury sustained necessitated the amputation of one toe, which concededly caused a permanent disability, but defendant contended that the evidence failed to show that plaintiff sustained one of the injuries mentioned under a certain section of the constitution of the Order, and that therefore he could not recover on the certificate, but was required to submit his claim solely under another section relating to systematic benevolence, *held* that the words "but not otherwise," following the specific enumeration of what would be considered a total disability, referred to the furnishing of the proofs in such cases, and did not have the effect of excluding liability for all other forms of permanent injury.

6. INSURANCE—*when excuse for failure to file copy of certificate is shown.* In an action upon a benefit certificate, where the refusal to grant a continuance on the ground of the absence of a copy of the certificate sued on was complained of, and where it appeared that the certificate had been in the possession of the defendant prior to and since the commencement of the action, *held* that an excuse for filing of a copy of the instrument was shown.

7. INSURANCE, § 913*—*when point that injury occurred before acceptance of certificate may not be raised.* In an action on a benefit certificate in which there was a finding for plaintiff, and on appeal the point was made that the certificate sued on, being dated September 1st, was not accepted by the assured until the 14th, and the injury occurred on the 10th, *held* that as the question was not raised in the trial court it could not be raised for the first time on appeal.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917. Rehearing denied June 16, 1917.

N. C. LYRLA, for appellant; COLLISTER, GENTSCH & KAVANAUGH, of counsel.

T. M. WEBB, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This appeal is prosecuted by appellant to reverse a judgment of $2,000 rendered by the Circuit Court of St. Clair county on a beneficiary certificate held by appellee in appellant, Brotherhood of Railroad Trainmen.

It is first contended by appellant that the court erred in rendering judgment of *respondeat ouster* against it on an issue made by replication to a plea in abatement filed by it denying service.

The sheriff's amended return on the summons was as follows: "I have duly served the within summons upon the within named defendant, Grand Lodge Brotherhood of Railroad Trainmen, by reading and also delivering a true copy thereof to F. H. Lentz, Treasurer of Main Lodge Brotherhood of Railroad Trainmen, No. 545, of the Grand Lodge Brotherhood of Railroad Trainmen, the defendant, the President or other superior officer of the said Main Lodge Brotherhood of Railroad Trainmen, No. 545, of the Grand Lodge Brotherhood of Railroad Trainmen, not found in my County, and the President or other superior officer of the said Grand Lodge Brotherhood of Railroad Trainmen not found in my County, etc."

Appellant, a corporation, appeared specially by its attorney, and by its plea in abatement denied that Lentz was treasurer, president, clerk, etc., or any other agent of appellant, and also denying that Main Lodge Brotherhood of Railroad Trainmen No. 545 was the agent of appellant, Grand Lodge Brotherhood of Railroad Trainmen. To this plea in abatement appellee replied, traversing the allegation of the plea that main lodge was not an agent of appellant, and averring that said main lodge was a subordinate lodge of appellant. An issue of fact on the plea in abatement being thus formed, it was, by agreement of the parties, tried by the court without a jury. The court found the issues for appellee and in accordance with section 45 of the Practice Act (J. & A. ¶ 8582) entered a judgment of

*respondeat ouster* against appellant. Thereafter, by leave of court, appellant filed a plea of the general issue and three special pleas. A replication was filed to the first special plea,. and a demurrer filed to the second and third special pleas was sustained. A trial being had, resulted in a verdict and judgment as above set forth.

It, is insisted by appellee that appellant having pleaded to the merits of the case after the judgment of *respondeat ouster,* thereby waived its right to assign error on the finding and judgment of the court on the issue made by the plea in abatement and the replication thereto. At common law and prior to the passage of the Practice Act of 1907, when an issue of law was made by a plea in abatement and the demurrer was sustained, a judgment of *respondeat ouster* was entered, and thereafter the defendant had the right to plead to the merits. When, however, an issue of fact was made by replication to the plea in abatement and a trial was had on the issue of fact, in case the issue of fact was found against the defendant, the judgment was *quod recuperet.* After a judgment of *quod recuperet* on the issue in abatement, the defendant could not plead to the merits, but the court on the trial of the issue of fact on the plea in abatement would hear evidence as to the amount of plaintiff's damages and render judgment accordingly. *Italian-Swiss Agricultural Colony v. Pease,* 194 Ill. 98; *Earl Mfg. Co. v. Summit Lumber Co.,* 125 Ill. App. 391; *Pollock v. Kinman,* 176 Ill. App. 361; Chitty Pleadings, vol. 1, p. 465.

By the passage of section 45 of the Practice Act of 1907 (J. & A. ¶ 8582), it is provided that: "If the issue on any plea in abatement is the truth of a statement in the return on the summons, or that the defendant is sued out of his proper county, or is not subject to suit in the county in which the suit is brought, or that

the court has no jurisdiction over the person of the defendant, and such issue is found against the defendant, the judgment shall be *respondeat ouster.*" It is apparent from a reading of the foregoing section of the Practice Act that the Legislature intended that a judgment of *respondeat ouster* should be entered when the issue made on a plea in abatement was any of those enumerated therein, regardless of whether the issue made was an issue of law or an issue of fact.

The plea here under consideration raises one of the issues enumerated in said section, and the court having found that issue against appellant, it properly entered a judgment of *respondeat ouster.*

Had the plea raised an issue of fact not enumerated in section 45, then, if said issue of fact be found against appellant, the judgment would have been *quod recuperet* and appellant would not have had the right to plead over to the merits. *Pollock v. Kinman, supra.* At common law where the judgment on a plea in abatement is *respondeat ouster,* the defendant by thereafter pleading to the merits is not barred from assigning as error, on appeal, the ruling of the court on the judgment of *respondeat ouster. Drake v. Drake,* 83 Ill. 526; *Earl Mfg. Co. v. Summit Lumber Co., supra; Grand Lodge Brotherhood of Locomotive Firemen v. Cramer,* 164 Ill. 9.

On trial of the issue of fact on the plea in abatement, the constitution and general rules of the Brotherhood of Railroad Trainmen were introduced in evidence, from the different sections of which it appears that the Brotherhood consists of a grand lodge and such subordinate lodges as may hold legal and unreclaimed charters granted by the grand lodge. The grand lodge consists of certain general officers, including the Board of Insurance, and one delegate from each subordinate lodge, and the grand lodge has general control and supervision of subordinate lodges. The funds for

the payment of insurance benefits were raised by assessment levied on the members, which assessments are required to be collected and remitted by the treasurers of the subordinate lodges. (Section 58.) If the subordinate lodge failed to remit its assessments it was declared defunct. Proofs of death or disability are required to be made through the secretary of the subordinate lodges. (Section 67.) And applications for insurance were made through the subordinate lodges. While only the delegates from subordinate lodges are a part of the grand lodge, it clearly appears from its constitution that the Brotherhood, itself, consists of the grand lodge and subordinate lodges, and that the grand lodge is merely the superior administrative body of the Brotherhood. The money raised by assessments on subordinate lodges belonged to the Brotherhood, and not to the grand lodge or subordinate lodges. (Sections 28, 29, 30.) The treasurer of a subordinate lodge was required to be bonded and the bond filed with the officers of the grand lodge. From the foregoing provisions, together with various other provisions of the constitution and rules of appellant, Brotherhood, it is shown conclusively that the subordinate lodges were the agencies through which the Brotherhood derived all its funds and transacted a large part of its business, and that the grand lodge was the administrative body through which the funds were disbursed. The assessments on benefit certificates were paid to the subordinate lodges and paid over by them to the general secretary and treasurer. The whole trend of the evidence is to the effect that the subordinate lodge is the principal agency of the Brotherhood through which it collects and derives its funds and also transacts a large part of its business.

The amended return shows that the summons was served on Lentz, treasurer of main lodge of the grand

lodge, and not on him as treasurer of the grand lodge, as contended by appellant. Main lodge was an agent of the appellant, Brotherhood, and of the grand lodge, and service on the treasurer of main lodge was service on the subordinate lodge, itself, as agent of the grand lodge. The trial court, therefore, did not err in entering a judgment of *respondeat ouster*.

Appellant cites and relies on the case of *Grand Lodge Brotherhood of Locomotive Firemen v. Cramer,* 53 Ill. App. 578, decided by this court, as laying down a different doctrine from that above announced. The return of the summons in the latter case is as follows: "I have duly served the within summons by reading and also delivering a true copy of the same to R. H. Stevenson, an agent of the said grand lodge of the Brotherhood of Locomotive Firemen, the president thereof not found in said county, this 9th day of August, 1893." The court held in that case as a proposition of law: "That the master of a local subordinate lodge of a voluntary mutual benefit association is not necessarily and *ex officio* an agent of the supreme or grand lodge of such voluntary association, so that service of process can be had upon such master, and thereby bring the supreme or grand lodge into court."

The court at page 580 says: "A careful reading of the officer's return will show that the subordinate lodge was not served. Let it be conceded that this lodge could be served as a corporation under the fifth section of the Practice Act; what then? The president, or, in this case, the master, must be served if he can be found within the county. Does the return state that Stevenson was served as president or master of any lodge whatever? It does not; but by clear implication negatives the claim of any effort to serve the subordinate lodge through its master, or to serve the grand lodge through the subordinate lodge as

agent." There is nothing said by this court in the *Locomotive Brotherhood* case, *supra,* which militates against anything we have said in this opinion. On the contrary thereof, we think that, so far as it goes, it supports our holding in this case.

In the case of *Grand Lodge Brotherhood of Locomotive Firemen v. Cramer, supra,* the Supreme Court affirmed the decision of this court, in which judgment was affirmed against said Brotherhood based on the following return of process: "I have duly served the within summons on F. W. Arnold Lodge No. 44, a subordinate lodge and agent of defendant, located and existing in said city, by reading and delivering a true copy of said summons to Robert A. Stevenson, master and chief officer of said subordinate lodge, in his capacity of such master, and also by reading and delivering a true copy of said summons to W. W. Gillis, secretary of said subordinate lodge, in his capacity as such secretary, and also by reading and delivering a true copy of said summons to William Boyne, an agent of the defendant, all of which was done on the 7th day of August, 1894; the president of said company not found in my county." A plea in abatement denying jurisdiction was filed by said Brotherhood, to which a demurrer was sustained by the trial court. Thereafter pleas in bar were filed and the case was heard on the merits. The Supreme Court after holding that the right to assign error on the ruling on the plea in abatement was not waived by pleading to the merits, at page 14, said: "There is no positive averment in the plea that the defendant is not a corporation, and liable, as such, to service in the manner provided by statute for the service of process upon corporations. Nor is there any averment that the 'F. W. Arnold Lodge No. 44,' served as the 'subordinate lodge and agent of the defendant,' was not such agent, so that assuming, for the argument, that

the defendant, the 'Grand Lodge of the Brotherhood of Locomotive Firemen,' was a corporation, the plea lacks the principal, essential averment that the summons was not served upon its agent.   *   *   *   Every intendment must be taken most strongly against the pleader. If, then, in considering the plea it be assumed that the defendant was a corporation, the plea is bad for not denying the agency of the subordinate lodge.''

While the Supreme Court has not definitely held that a nonresident corporation of the character of appellant can be served with process by serving a resident subordinate lodge as its agent, at the same time we think that inferentially in the case just quoted from it does so hold. In the case before us the question is not raised as to appellant being a corporation, and we therefore hold that service can be obtained on it by serving a subordinate lodge.

In view of the foregoing authorities we hold that inasmuch as the question of appellant being a corporation is not raised that service can be obtained on it by service of process on a resident subordinate lodge as its agent.

Counsel for appellant cites section 78 of its constitution and general rules which, in effect, provides that subordinate lodges of appellant shall not act as agent for appellant in matters pertaining to the insurance or beneficial department, unless specially authorized in writing by the president or general secretary and treasurer so to do, as a reason why service cannot be obtained on it through its resident subordinate lodges. What we have said heretofore with reference to other provisions of the constitution of appellant, which confer numerous powers on its subordinate lodges and which we have held sufficient to constitute said subordinate lodges as agents of said grand lodge sufficiently disposes of this contention.

It is next contended by appellant that on the merits of the case the judgment in favor of appellee is

erroneous. The certificate issued to appellee on which suit is brought provides that the general rules of the Brotherhood shall constitute a part of the contract. Section 68 of the general rules is as follows: "Any beneficiary member in good standing who shall suffer the amputation or severance of an entire hand at or above the wrist joint, or who shall suffer the amputation or severance of an entire foot at or above the ankle joint, or who shall suffer the complete and permanent loss of sight of both eyes, or upon becoming seventy (70) years of age, shall be considered totally and permanently disabled, but not otherwise, and shall thereby be entitled to receive, upon furnishing sufficient and satisfactory proofs of such total and permanent disability, the full amount of his beneficiary certificate." The evidence in this case is to the effect that the appellee's toes were injured to such an extent that one had to be amputated, and it seems to be conceded that he was thereby permanently disabled. Appellant, however, contends that inasmuch as the evidence fails to show he sustained one of the injuries mentioned in said section 68, that he cannot recover on the certificate, and that appellee should submit his claim solely under section 70 of the rules to the systematic benevolence of the Brotherhood.

Practically the same questions raised here were discussed in the case of *Bond v. Grand Lodge Brotherhood of Railroad Trainmen,* 165 Ill. App. 490; in *Convery v. Brotherhood of Railroad Trainmen,* 190 Ill. App. 479, and in *Dunlap v. Brotherhood of Railroad Trainmen, ante,* p. 209, decided by this court at the present term.

In these several cases the various authorities were reviewed in connection with the construction to be placed on the various sections of appellant's constitution, and the construction laid down by said authorities is adverse to the contention made by appellant herein.

In *Dunlap v. Brotherhood of Railroad Trainmen,* *ante,* p. 209, decided by this court at this term, we said, quoting from *Convery v. Brotherhood of Railroad Trainmen, supra:* "It is insisted that section 68 defines what shall be a total and permanent disability and that it excludes all liability for any other kind of permanent disability than that enumerated therein, no matter how total and complete it may be. We do not think this section should receive any such construction. This section simply provides what in certain instances will be considered a total disability, thus, if a member shall suffer the amputation of an entire hand at or above the wrist joint, or of a foot at or above the ankle joint, or the complete loss of sight of both eyes, he will be considered as being totally and permanently disabled without further question, and upon furnishing sufficient and satisfactory proofs the full amount of his certificate will be paid, but not otherwise. The words 'but not otherwise' refer to the furnishing of the proofs in such cases, and do not have the effect of excluding liability for all other forms of permanent injury. At least an ambiguity and uncertainty is created when the certificate is read in connection with these various sections of the constitution and by-laws, and it is a fundamental law of construction of insurance contracts in this State that all such uncertainties shall be resolved in favor of the assured."

Various authorities from other States are cited and quoted from by appellant's counsel in his brief. An examination of these authorities will show that certain of them apparently bear out the construction insisted upon by appellant. Inasmuch, however, as this court has heretofore had under consideration the various sections of appellant's constitution which are involved in this case and have placed the construction thereon deemed proper by it, we see no reason in this case for changing such construction. We hold, therefore, that

on the merits of the case the court did not err in over-ruling appellant's motion for a new trial and in rendering judgment on the verdict.

It is next insisted by appellant that the court erred in refusing to continue the case on its motion for want of a copy of the instrument sued on, namely, said beneficiary certificate. The evidence discloses that the certificate issued to appellee by appellant was in the possession of the general secretary and treasurer of appellant, or of its attorney, at the time of the taking of the deposition of that officer in Cleveland, Ohio, and was attached to his deposition. Apparently it had been filed with proof of appellee's claim in March, 1915, and had remained in the control of the general secretary until attached to his deposition. At any rate, the evidence discloses that the possession and control of said certificate had been with appellant or its officers prior to and at the time appellee brought his suit. It would therefore seem unreasonable to grant a continuance on the motion of appellant for failure on the part of appellee to file a copy of the instrument sued on, when said instrument was not in his possession, but was in the possession or control of appellant. The failure of a plaintiff to file a copy of the instrument sued on is excused where the original instrument has been lost or destroyed. *Security Ins. Co. v. Slack,* 183 Ill. App. 579. It would, therefore, seem as reasonable to excuse its being so filed where the original was in the hands of the opposite party. We hold, therefore, that the court did not err in refusing appellant's motion for a continuance.

What we have already said on the merits of the case disposes of the question raised by appellant's assignment of error on the action of the court in sustaining the demurrer to its second and third special pleas. Said pleas set up and rely on sections 68, 70 and 75 of appellant's constitution. Our holding is

that the court did not err in sustaining a demurrer to said pleas.

It is next contended by appellant that the court erred in refusing to give the two refused instructions tendered by it on the trial of said cause. These instructions were based on the construction contended for by appellant as to section 68 of its constitution. From what we have heretofore said in this opinion there was no error in the court refusing the same.

Lastly it is contended by appellant that the certificate sued on by appellee, being dated September 1, 1914, was not accepted by him until September 14, 1914, and that the injury for which he seeks a recovery occurred on September 10, 1914. This question was not raised in the trial court and cannot be raised here for the first time.

Finding no reversible error in the record of the trial court, the judgment will be affirmed.

*Judgment affirmed.*